# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

JAY JUNIOR AIKEN,

    Plaintiff,

v.

WARDEN JEFF COLEMAN, et al.,

    Defendants.

CIVIL ACTION NO.: 5:19-cv-57

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed this 42 U.S.C. § 1983 action contesting certain conditions of his confinement. Doc. 1. This matter is before the Court on Plaintiff's Complaint, doc. 1, and Motion for a Preliminary Injunction and Temporary Restraining Order, doc. 7. For the following reasons, the Court **DIRECTS** Plaintiff to file an Amended Complaint within **14 days** of the date of this Order. The Court also **DIRECTS** the Clerk of Court to mail Plaintiff the Court's preferred form for prisoner-plaintiffs wishing to file an amended § 1983 complaint. Furthermore, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction and a Temporary Restraining Order.

## BACKGROUND

In his Complaint, doc. 1, Plaintiff asserts constitutional claims against over 50 different individual Defendants, including multiple wardens, corrections officers, unit managers, doctors, nurses, counselors, a food service worker, librarian, and a chaplain. Plaintiff attaches three exhibits, totaling 144 pages, to his Complaint, including a 49-page "Brief" in support of his

Complaint that includes various medical records, grievances, letters, and open records requests. Docs. 1-1, 1-2, 1-3.  Plaintiff makes an extraordinary number of unrelated factual allegations, beginning in June 2018 and spanning ten months, with the last incident occurring in March 2019. Doc. 1-1 at 4–14.

In August 2019, Plaintiff requested a preliminary injunction and temporary restraining order against all Defendants named in his suit, seeking to enjoin these Defendants from "taking any and all actions that place [Plaintiff's] life in danger." Doc. 7-2.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all prisoner complaints. 28 U.S.C. § 1915A(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  §1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.[1]  Id. In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that

---

[1] Similarly, the Court must also conduct an initial screening of any action in which the plaintiff is proceeding *in forma pauperis*.  28 U.S.C. § 1915(a).

2

is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.    Plaintiff's Complaint**

Plaintiff sets forth several unrelated claims in a single cause of action. A plaintiff may not join claims and various defendants in one action unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Plaintiff's claims against the over 50 Defendants spanning ten months do not appear to arise out of the same transaction or occurrence. Accordingly, the Court **ORDERS** Plaintiff to:

(1)    submit an Amended Complaint on the complaint form provided by the Clerk of Court;

(2)    clearly caption it as an amendment to the original complaint and place the civil action number of this case on the first page of the form;

(3)    add no more than ten (10) pages to the form;

(4)    write legibly and only on one side of each page;

(5)    provide the name of any intended defendant or provide sufficient details to describe any intended defendant;

(6)    provide only factual allegations concerning events where the rights of Plaintiff himself were violated or Plaintiff himself was injured, including the date and location of each alleged violation;

(7)    only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences;

(8) clearly describe each alleged violation and identify each defendant responsible for each alleged violation;

(9) omit all legal argument or conclusions;

(10) provide detailed information on all prisoner civil actions Plaintiff has previously filed.

The Court **DIRECTS** the Clerk of Court to forward the appropriate 42 U.S.C. § 1983 amended complaint form to Plaintiff, together with a copy of this Order. The Court advises Plaintiff that his **failure to abide by this Court's instructions to file an appropriate Amended Complaint could lead to the dismissal of his action for failure to file this Court's directives and failure to prosecute**.

Additionally, the Court **DIRECTS** Plaintiff to advise the Court in writing of any change of address during the pendency of this action. Plaintiff's failure to abide by this directive will result in the dismissal of Plaintiff's Complaint, without prejudice, for failure to follow an Order of this Court.

## II. Plaintiff's Request for Preliminary Injunctive Relief and Temporary Restraining Order

Plaintiff seeks a Preliminary Injunction and Temporary Restraining Order to order the Defendants to refrain from "any and all actions that may place [the Plaintiff's] life in danger." Doc. 7-1 at 2. To be entitled to a preliminary injunction or a temporary restraining order, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is

an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quotation omitted).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Plaintiff has not shown he has satisfied the prerequisites to be entitled to injunctive relief at this time. Specifically, at this early stage, Plaintiff has not shown the requisite likelihood of success on the merits of his claims or that injunctive relief is necessary to prevent irreparable injury. This is not to say that Plaintiff will not eventually be able to obtain injunctive relief. Rather, the Court will not interfere at this time on the facts before it. Accordingly, I

5

**RECOMMEND** the Court **DISMISS** Plaintiff's request for preliminary injunctive relief and a temporary restraining order, doc. 7.

## CONCLUSION

For the above-stated reasons, the Court **DIRECTS** Plaintiff to file an Amended Complaint within **14 days** of the date of this Order and **RECOMMENDS** the Court **DENY** Plaintiff's Motion for Preliminary Injunction and a Temporary Restraining Order. Should Plaintiff fail to abide by the directives in this Order, the Court will dismiss this case for failure to prosecute and failure to follow a Court Order. The Court further **DIRECTS** the Clerk of Court to forward to Plaintiff a blank copy of the 42 U.S.C. § 1983 amended complaint form.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  Finally, the Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of February, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA